ORIGINAL

FILED
MAR 31 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SSC SETTLEMENTS, LLC** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No.:** 08-230 C |
| **UNITED STATES OF AMERICA** | : | |
| **Defendant.** | : | |

## COMPLAINT FOR DECLARATORY RELIEF

Comes Now the Plaintiff, SSC Settlements, LLC by and through the undersigned counsel, Elyse L. Strickland and Selzer Gurvitch Rabin & Obecny, Chartered and as and for its Complaint for Declaratory Relief in this matter, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff SSC Settlements, LLC ("SSC") is a limited liability company with its principal place of business located in Bethesda, Maryland.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491 (2007).

### FACTS

3. On or about July 21, 1987, in order to resolve a personal injury claim, Peter G. Maclay and Rebecca M. Maclay, individually and as Natural Parents and Guardians of Donald Maclay, entered into a Settlement Agreement with the United States of America (the "United States"), pursuant to which they became entitled to receive certain structured settlement payments as follows: 528 monthly payments each in the amount of $3,650.00, and then for life, increasing annually by 4% beginning August 15, 1998 (the "Structured Settlement").

4. In order to fund its obligation to make the settlement payments under the

Structured Settlement, the United States purchased a commercial annuity, contract number FP201649, from New York Life Insurance Company (hereinafter "New York Life").

5. On or about May 20, 1997, pursuant to a Joint Stipulation and Agreed Order, and in connection with their divorce proceeding, Peter G. Maclay and Rebecca M. Maclay agreed to divide equally the Structured Settlement payments.

6. On or about March 15, 2000, Peter G. Maclay (hereinafter "Payee") and R&P Capital Resources, Inc. ("R&P") entered into a Sale and Assignment Agreement, whereby Payee agreed to sell and transfer, and R&P agreed to purchase, 240 monthly Annuity payments of $1,973.92 increasing four percent (4%) annually each August 15, commencing with the June 15, 2000 payment (the "Assigned Payments"). Said Sale and Assignment Agreement provided, as conditions precedent, that (1) the parties would obtain court approval of the sale and transfer to R&P and/or its assigns, and (2) that the United States and New York Life would acknowledge in writing that they would abide by said court order.

7. On or about February 18, 2000, Payee filed for relief under Chapter 13 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division (the "Florida Bankruptcy Court").

8. On May 22, 2000, the Florida Bankruptcy Court entered an Order Authorizing Debtor to Sell, Assign, and Transfer Annuity Payments (the "Transfer Order"). The Transfer Order effectively authorized and approved the assignment of the Assigned Payments from Payee to R&P. A copy of the Transfer Order is attached hereto as Exhibit 1.

9. On or about August 3, 2000, New York Life signed an Acknowledgment and Consent to Assignment of New York Life Insurance Company (the "New York Life Consent"), wherein, among other things, it acknowledged receipt of the Transfer Order and

agreed to abide by its terms. A copy of the New York Life Consent is attached hereto as Exhibit 2.

10. On or about August 7, 2000, the United States signed an Acknowledgment and Consent to Assignment of United States of America (the "United States Consent"), wherein, among other things, it acknowledged receipt of the Transfer Order and agreed to abide by its terms. A copy of the United States Consent is attached hereto as Exhibit 3.

11. Upon information and belief, pursuant to a Receivable Purchase & Sale Agreement, R&P sold all of its right, title and interest in the Assigned Payments to Summit Securities, Inc. ("Summit").

12. On or about February 4, 2004, Summit filed for relief under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of Washington (the "Washington Bankruptcy Court"), Case No. 04-00757-W11.

13. Subsequent to the filing of the bankruptcy proceeding, and through the auspices of the Washington Bankruptcy Court, SSC purchased a portion of the Assigned Payments from Summit, specifically, monthly payments of $2,921.89 beginning with the payment due on November 15, 2009 through and including the payment due on October 15, 2019, increasing 3% each August (the "Reassigned Payments").

14. On or about February 2, 2007, Summit filed a Motion for Twenty-First Supplemental Order Authorizing Transfer of Certain Receivables, pursuant to the Order Authorizing Sale of Structured Settlements, Approving Receivables Purchase Agreements, and Granting Related Relief. Among other things, the Motion requested approval of the sale and assignment from Summit to SSC of the Reassigned Payments.

15. On or about March 5, 2007, the Washington Bankruptcy Court granted the

Motion and issued its Findings of Fact and Conclusions of Law Re: Twenty-First Supplemental Order Authorizing Transfer of Certain Receivables. A copy of the Twenty-First Supplemental Order and Findings of Fact and Conclusions of Law Re: Twenty-First Supplemental Order Authorizing Transfer of Certain Receivables is attached hereto as Exhibit 4.

16. In its Twenty-First Supplemental Order, the Washington Bankruptcy Court approved the assignment from Summit to SSC, and ordered New York Life and the United States to remit the Reassigned Payments to SSC's assign, WMS Susquehanna Fund. *See* Twenty-First Supplemental Order, Paragraph 7.

**REQUEST FOR DECLARATORY RELIEF**

17. Notwithstanding repeated requests by SSC for an acknowledgment that the United States will abide by the terms of the Twenty-First Supplemental Order, the United States has failed and refused to provide such an acknowledgment or confirm in any other way that the Reassigned Payments will be made as provided therein.

18. Although the Washington Bankruptcy Court had assumed (or attempted to assume) jurisdiction over the United States in the Summit bankruptcy proceeding, and retained (or attempted to retain) jurisdiction in its Twenty-First Supplemental Order (*see* Paragraph 12), the United States has taken the position in other proceedings that the only Court of competent jurisdiction is the United States Court of Federal Claims.

19. An actual controversy exists between the parties within the meaning of 28 U.S.C.§ 2201 (2008). A declaratory judgment in this case is necessary in order to resolve said controversy and determine the parties legal rights *vis a vis* each other.

WHEREFORE for the foregoing reasons, SSC Settlements, LLC respectfully requests

that this Court enter a declaratory judgment and order directing the United States of America to direct New York Life Insurance Company to send the Reassigned Payments to SSC Settlements, LLC's assignee or WMS Susquehanna Fund, or its successors and/or assigns at such address as it or they may designate; and ordering New York Life Insurance Company to send the Reassigned Payments to SSC Settlements, LLC's assignee or WMS Susquehanna Fund, or its successors and/or assigns at such address as it or they may designate; and granting the Plaintiff such other and further relief as to this Court shall appear just and proper.

Respectfully submitted,

Date: 3/25/08

E Strickland

Elyse L. Strickland, Esquire
Selzer Gurvitch Rabin & Obecny, Chtd.
4416 East West Highway, Suite 400
Bethesda, MD 20814-4568
Telephone: 301-986-9600
Facsimile: 301-986-1301
Email: estrickland@sgrolaw.com
Counsel for Plaintiff